# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDGENET, INC., *et al.*,[1] | ) | Case No. 14-10066 (BLS) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| EDGENET, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 14-_____ (BLS) |
| | ) | |
| SCREEN TIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Edgenet, Inc., ("Edgenet" or "Debtor" or "Plaintiff"), by and through its undersigned counsel, as and for its complaint against defendant Screen Tight ("Serve Tight" or "Defendant"), alleges upon knowledge as to its own acts, and otherwise upon information and belief, as follows:

## JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Edgenet, Inc. (4977) and Edgenet Holding Corporation (4146). The address of the Debtors' corporate headquarters is 8 Piedmont Center, 3525 Piedmont Drive, Suite 420, Atlanta, GA 30305.

**PARTIES**

2. Plaintiff, a Delaware Corporation, is a Chapter 11 debtor and debtor-in-possession, whose principal place of business is located in Atlanta, Georgia.

3. Defendant, a South Carolina corporation, has an office located at One Better Way, Georgetown, South Carolina 29440.

**FACTUAL BACKGROUND**

4. On January 14, 2014 (the "Petition Date"), Edgenet and one of its affiliates filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. The Debtor continues in possession of its assets and continues to manage and operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. Edgenet is a software company that provides patented product data technologies that enable companies to sell more products and services with greater ease across multiple channels and devices.

6. Prior to the Petition Date, Edgenet and Screen Tight entered into an agreement with an effective date of April 4, 2007, the terms of which were set forth in, *inter alia*, a Professional Services Order Form (the "Order Form") and Edgenet's General Terms and Conditions for Manufacturers, Distributors, and Dealers (the "Terms and Conditions" and, together with the Order Form and related documentation referenced therein, the "Agreement"). Both the Order Form and Terms and Conditions were signed by Screen Tight's President Guerry Green.

7. In reliance upon the Agreement, Edgenet provided various software and professional services to Screen Tight, in exchange for which Edgenet was to be paid by Screen

Tight an Annual License Fee, to be invoiced and paid in monthly installments, and an Annual Catalog Certification Fee.

8. As clearly stated on Edgenet's invoices to Screen Tight, payment terms were net 30 days from date of invoice.

9. Currently there are eight (8) invoices (the "Unpaid Invoices") due and owing by Screen Tight to Edgenet for a total of $27,483.35. These invoices were issued between February 4, 2013 and August 2, 2013 and cover the period from February 2013 through August 2013.

10. On numerous prior occasions beginning in April 2013, Edgenet made written demand on Screen Tight to pay the amount due and outstanding. Despite these efforts, at this time $27,483.35 remains outstanding.

11. Pursuant to paragraph 9(o) of the Terms and Conditions, in an action brought to enforce the Agreement, the prevailing party is entitled to recover attorney fees and other costs incurred in the action.

## COUNT I
## BREACH OF CONTRACT

12. Plaintiff incorporates by reference, as if set forth in full herein, the allegations asserted in paragraphs 1 through 11 above.

13. Edgenet complied with its contractual obligations under the Agreement by providing various services to Screen Tight, and invoiced Screen Tight for payment for those services.

14. Edgenet timely sent invoices to Screen Tight and demanded payment, but Screen Tight failed and refused, and continues to fail and refuse, to make payment to Edgenet in accordance with its obligations under the Agreement.

15. As a result of this material breach of contract by Screen Tight and Screen Tight's failure to remit payment for the Unpaid Invoices, Plaintiff has been damaged in the amount of $27,483.35, plus other fees and expenses, including the costs, expenses and fees associated with having to bring this suit, which are recoverable pursuant to the terms of the underlying Agreement.

WHEREFORE, Plaintiff respectfully requests entry of a judgment in its favor and against Defendant in the amount of $27,483.35 together with attorneys' fees, costs and expenses, and such other and further relief as this Court deems just and proper.

### COUNT II
### UNJUST ENRICHMENT

16. Plaintiff incorporates by reference, as if set forth in full herein, the allegations asserted in paragraphs 1 through 15 above.

17. During the period covered by the Unpaid Invoices, Screen Tight benefitted from its use of services provided by Edgenet.

18. By failing to remit payment to Edgenet for the Unpaid Invoices, Screen Tight received a benefit to which it was not entitled, and it has been unjustly enriched.

19. Screen Tight's actions are unjustified.

20. By reason of the foregoing, the Defendant has been unjustly enriched at the expense of the Plaintiff in the amount of not less than $27,483.35, plus the costs, expenses and fees incurred by Edgenet in having to bring this suit.

WHEREFORE, Plaintiff respectfully requests entry of a judgment in its favor and against Defendant in the amount of $27,483.35, together with attorneys' fees, costs and expenses, and such other and further relief as this Court deems just and proper.

**KLEHR HARRISON HARVEY BRANZBURG LLP**

Dated:  March 27, 2014  　　　　*/s/ Linda Richenderfer*
　　　　Wilmington, Delaware　　Linda Richenderfer (DE Bar No. 4138)
　　　　　　　　　　　　　　　　Raymond H. Lemisch (DE Bar No. 4204)
　　　　　　　　　　　　　　　　Margaret M. Manning (DE Bar No. 4183)
　　　　　　　　　　　　　　　　919 Market Street, Suite 1000
　　　　　　　　　　　　　　　　Wilmington, Delaware 19801-3062
　　　　　　　　　　　　　　　　Telephone:　(302) 426-1189
　　　　　　　　　　　　　　　　Facsimile:　(302) 426-9193

　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　Morton Branzburg (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　1835 Market Street, Suite 1400
　　　　　　　　　　　　　　　　Philadelphia, Pennsylvania 19103
　　　　　　　　　　　　　　　　Telephone:　(215) 569-2700
　　　　　　　　　　　　　　　　Facsimile:　(215) 568-6603

　　　　　　　　　　　　　　　　*Counsel to the Plaintiff and the Debtors and Debtors in Possession*